IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
CIVIL DIVISION

THOMAS J. CULLEN, JR., as Personal
Representative and Surviving Son of
THOMAS J. CULLEN, Deceased,

    Plaintiff,

v.

No. CV2011-618

JURY DEMANDED

CRITTENDEN HOSPITAL ASSOCIATION
d/b/a CRITTENDEN REGIONAL HOSPITAL;
INTERNAL MEDICINE ASSOCIATES OF WEST
MEMPHIS, P.A.; KENNETH R. NADEAU, M.D.;
DANIEL W. WEBB, M.D.; MID-SOUTH PULMONARY
SPECIALISTS, P.C.; RICHARD BOSWELL, M.D.;
JOHN DOE INSURANCE COMPANY;
and JOHN AND JANE DOE,

    Defendants.

FILED
at 1:55 o'clock P.m.
DEC -6 2011
TERRY HAWKINS
CIRCUIT CLERK

## COMPLAINT FOR WRONGFUL DEATH AND PERSONAL INJURY

COME NOW Plaintiff Thomas J. Cullen, Jr. as Personal Representative and Surviving Son of Thomas J. Cullen, deceased, and files this Complaint for Wrongful Death and Personal Injury against Defendants Crittenden Hospital Association d/b/a Crittenden Regional Hospital, Internal Medicine Associates of West Memphis, P.A., Kenneth R. Nadeau, M.D., Daniel W. Webb, M.D., Mid-South Pulmonary Specialists, P.C., Richard Boswell, M.D., John Doe Insurance Company, and John and Jane Doe, stating as follows for cause of action:

1.    Plaintiff Thomas J. Cullen, Jr. is an adult resident citizen of Maryland and is the personal representative and surviving son of Thomas J. Cullen. At the time of his death, Thomas J. Cullen was an adult resident citizen of Memphis, Tennessee.



EXHIBIT "A"

2. Defendant Crittenden Hospital Association d/b/a Crittenden Regional Hospital is, upon information and belief, a business entity authorized to do business in the State of Arkansas and operating a hospital at 200 Tyler Avenue, West Memphis, Arkansas. Defendant Crittenden Hospital Association d/b/a Crittenden Regional Hospital may be served with process through its registered agent for service, Chadd L. Durrett, 105 North Avalon, West Memphis, Arkansas 72301.

3. Defendant Internal Medicine Associates of West Memphis, P.A. is a professional association authorized to do business in the State of Arkansas and doing business at 228 Tyler Avenue, Suite 100, West Memphis, Arkansas. Defendant Internal Medicine Associates of West Memphis, P.A. may be served with process through its registered agent for service of process, Dan W. Webb, M.D., 228 Tyler Avenue, Suite 100, West Memphis, Arkansas. Upon information and belief, at all relevant times, Defendants Kenneth R. Nadeau, M.D. and Daniel W. Webb, M.D. were an employees and/or agents of Defendant Internal Medicine Associates of West Memphis, P.A. Defendant Internal Medicine Associates of West Memphis, P.A. is responsible and vicariously liable for the negligent acts and omissions of its physicians, nurses, employees and/or agents, as described herein, pursuant to the doctrines of respondeat superior, actual agency, express agency, and/or apparent agency.

4. Defendant Kenneth R. Nadeau, M.D. is a physician licensed to practice medicine in the State of Arkansas. Upon information and belief, Defendant Nadeau may be served with process at 228 Tyler Avenue, Suite 100, West Memphis, Arkansas.

5. Defendant Daniel W. Webb, M.D. is a physician licensed to practice medicine in the State of Arkansas. Upon information and belief, Defendant Webb may be served with process at 228 Tyler Avenue, Suite 100, West Memphis, Arkansas.

6. Defendant Mid-South Pulmonary Specialists, P.C. is a business entity authorized to do business in the State of Arkansas and doing business at 5050 Poplar Avenue, Suite 800, Memphis, Tennessee 38157. Defendant Mid-South Pulmonary Specialists, P.C. may be served with process through its registered agent for service of process, Roy C. Fox, M.D., 5050 Poplar Avenue, Memphis, Tennessee 38157. Upon information and belief, at all relevant times, Defendant Richard Boswell, M.D. was an officer, employee and/or agent of Defendant Mid-South Pulmonary Specialists, P.C. Defendant Mid-South Pulmonary Specialists, P.C. is responsible and vicariously liable for the negligent acts and omissions of its physicians, nurses, employees and/or agents, as described herein, pursuant to the doctrines of respondeat superior, actual agency, express agency, and/or apparent agency.

7. Defendant Kenneth Boswell, M.D. is a physician licensed to practice medicine in the State of Arkansas. Upon information and belief, Defendant Boswell may be served with process at 5050 Poplar Avenue, Memphis, Tennessee 38157.

8. Defendant John Doe Insurance Company is the unknown liability insurance carrier of Defendant Crittenden Hospital Association d/b/a Crittenden Regional Hospital and its servants, agents, and employees. Defendant John Doe Insurance Company is herein made a defendant to the extent its insured may be immune from suit pursuant to Ark. Code Ann. § 21-9-301 and Ark. Code Ann. § 16-120-101 et seq. Plaintiff has a direct cause of action against them pursuant to Ark. Code Ann. § 23-79-210 for the wrongful conduct of Defendant Crittenden Hospital Association d/b/a Crittenden Regional Hospital, their servants, agents or employees acting within the scope of their employment or agency.

9. John and Jane Doe are the medical, nursing, and other healthcare providers and entities charged with caring for and treating Thomas J. Cullen on or about December 7 and 8, 2009 and employees or agents of all said entities and individuals.

10. The events giving rise to this Complaint occurred in Crittenden County, Arkansas on December 7 and 8, 2009. Jurisdiction and venue are proper in this Court.

11. On December 7, 2009, Thomas J. Cullen, 77, presented at the office of Dr. Kenneth R. Nadeau, with complaints of a five-day history of shortness of breath and a productive cough with small amounts of sputum. When he arrived at the office, Mr. Cullen was hypoxic with an oxygen saturation of 80%. A chest x-ray was taken, which showed a pleural effusion and lower lobe infiltrates with atelectasis. Dr. Nadeau ordered him admitted to Crittenden Regional Hospital for probable pneumonia.

12. Mr. Cullen was admitted to Crittenden Regional Hospital on December 7, 2009 at approximately 5:00 p.m. At that time, Mr. Cullen's lung sounds were abnormal with expiratory wheeze and scattered rhonchi. His pulmonary status was listed as dyspnea with exertion and at rest, with an oxygen saturation of 73%.

13. At 5:39 p.m., Mr. Cullen had blood drawn, which revealed an abnormally high carbon dioxide level of 39.36, with normal readings being between 21 and 32. A urinalysis was also abnormal, showing brown urine with a protein level greater than 300. The results of the blood work and urinalysis were given to the nursing staff at 7:24 p.m.

14. At approximately 6:30 p.m., Dr. Nadeau ordered a pulmonary consultation for the next morning. Upon information and belief, Dr. Nadeau spoke with Dr. Richard Boswell about Mr. Cullen's condition at 6:33 p.m.

15.     At 11:30 p.m. that night, a nurse noted that Mr. Cullen had complained of "not catching [his] breath" and had requested breathing treatment. Respiratory care was called by the nurse. At 1:15 a.m., the nurses notes indicate that Dr. Daniel Webb was contacted and ordered a check of Mr. Cullen's arterial blood gases (ABG).

16.     Mr. Cullen's ABGs were collected and showed several critically abnormal values, which indicated extreme respiratory failure. Dr. Webb was notified of these results at 1:56 a.m.

17.     Mr. Cullen was transferred to the intensive care unit (ICU) at approximately 2:00 a.m., where a cardiac monitor showed atrial fibrillation with bundle branch block. At 2:05 a.m., the nursing supervisor was contacted who instructed the nurses to call the emergency room physician on duty to intubate Mr. Cullen.

18.     Dr. Fong arrived in the ICU at 2:08 a.m. and unsuccessfully attempted on multiple occasions to intubate Mr. Cullen. At 2:25 a.m., the on-call registered nurse anesthetist was paged. At 2:40 a.m., Mr. Cullen's heart rate dropped and cardiopulmonary resuscitation (CPR) was started.

19.     At 2:41 a.m., the nurses notes indicate that the RNA was unable to intubate Mr. Cullen. Dr. Fong attempted a cricothyrotomy but this too was unsuccessful. Dr. Ford was paged and arrived at the hospital at 2:57 a.m. Dr. Ford successfully intubated Mr. Cullen at 3:00 a.m., but it was too late. Mr. Cullen continued to code and was pronounced dead at 3:30 a.m. on December 8, 2009 from respiratory failure.

20.     The evaluation and treatment of Thomas J. Cullen by Defendants fell below the recognized standard of acceptable professional practice for physicians and nurses. The medical negligence of Defendants includes, but is not limited to:

(a)     Failure to properly assess and evaluate the severity of Mr. Cullen's illness;

(b) Failure to timely order ABGs considering Mr. Cullen's signs and symptoms;

(c) Failure to order an immediate pulmonary consult considering Mr. Cullen's signs and symptoms;

(d) Failure to properly assess Mr. Cullen's respiratory status;

(e) Failure to timely recognize Mr. Cullen's abnormal respiratory signs and symptoms;

(f) Failure to timely intubate Mr. Cullen;

(g) Failure to timely notify a physician of Mr. Cullen's change in condition;

(h) Failure to exercise reasonable care and diligence in the application of their knowledge; and

(i) Failure to exercise reasonable and ordinary care under the circumstances.

21. At all times material hereto, Dr. Nadeau and Dr. Webb were employees, agents, owners, partners, members, and/or servants of Defendant Internal Medicine Associates of West Memphis, P.A. and performed professional medical services within the scope of their employment or agency at and for Defendant Internal Medicine Associates of West Memphis, P.A. Dr. Nadeau and Dr. Webb had actual, apparent, and/or implied authority to act for Defendant Internal Medicine Associates of West Memphis, P.A. As such, Defendant Internal Medicine Associates of West Memphis, P.A. is legally responsible for the negligence of Dr. Nadeau and Dr. Webb under the doctrine of respondeat superior.

22. At all times material hereto, Dr. Boswell was an employee, agent, owner, partner, member, and/or servant of Defendant Mid-South Pulmonary Specialists, P.C. and performed professional medical services within the scope of his employment or agency at and for Defendant Mid-South Pulmonary Specialists, P.C. Dr. Boswell had actual, apparent, and/or implied

authority to act for Defendant Mid-South Pulmonary Specialists, P.C. As such, Defendant Mid-South Pulmonary Specialists, P.C. is legally responsible for the negligence of Dr. Boswell under the doctrine of respondeat superior.

23. Upon information and belief, at all times material hereto, Dr. Nadeau, Dr. Webb, Dr. Boswell, Dr. Fong and the nurses at Crittenden Regional Hospital were employees, agents, owners, partners, members, and/or servants of Defendant Crittenden Hospital Association d/b/a Crittenden Regional Hospital and performed professional medical and nursing services within the scope of their employment or agency at and for Defendant Crittenden Hospital Association d/b/a Crittenden Regional Hospital. Dr. Nadeau, Dr. Webb, Dr. Boswell, Dr. Fong and the nurses at Crittenden Regional Hospital had actual, apparent, and/or implied authority to act for Defendant Crittenden Hospital Association d/b/a Crittenden Regional Hospital. As such, Defendant Crittenden Hospital Association d/b/a Crittenden Regional Hospital and Defendant John Doe Insurance Company are legally responsible for the negligence of Dr. Nadeau, Dr. Webb, Dr. Boswell, Dr. Fong and the nurses at Crittenden Regional Hospital under the doctrine of respondeat superior.

24. Prior to his death, Thomas J. Cullen was healthy for his age and very active, playing golf several times each week. As a direct and proximate result of Defendants' negligence, Mr. Cullen suffered severe injuries and death. The injuries and damages sustained by Mr. Cullen include, but are not limited to:

    (a)    Physical pain and suffering;

    (b)    Emotional pain and suffering;

    (c)    Permanent injury;

    (d)    Medical expenses;

(e) Lost earnings and lost earning capacity;

(f) Loss of enjoyment of life;

(g) Death;

(h) Funeral and burial expenses; and

(i) All damages available to him under the law.

25. The wrongful death beneficiaries of Thomas J. Cullen are Thomas J. Cullen, Jr., Patrick C. Cullen, Deirdre G. Cullen, Brigid C. Whalen, and Timothy J. Cullen. As a direct and proximate result of Defendants' negligence, these wrongful death beneficiaries have suffered severe mental anguish over the untimely loss of Thomas J. Cullen.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. For process to issue, requiring these Defendants to answer;

2. For a jury to be impaneled to try the disputed issues of fact;

3. For a judgment for compensatory damages to compensate them for their injuries and damages in an amount to be determined by the jury and within the jurisdictional limits of this Court; and

4. For any further and general relief to which Plaintiff is entitled.

PLAINTIFFS DEMAND A JURY AS TO ALL ISSUES.

Respectfully submitted,

BURCH, PORTER & JOHNSON, PLLC

R. Porter Feild (AR 08713)
130 North Court Avenue
Memphis, Tennessee 38103
(901) 524-5000

Attorneys for Plaintiff